UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| WAYNE WHITE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:05-cv-265 |
| ) | |
| SHERIFF BILL DAVIS, OFFICER BRYAN ) | Judge Mattice |
| FIELDS, and POLK COUNTY, TENN., ) | |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Wayne White brings this action against Defendants Bill Davis, Bryan Fields, and Polk County, Tennessee, alleging, *inter alia*, causes of action for assault and battery, official oppression and misconduct, and violation of his civil rights pursuant to 42 U.S.C. § 1983.

Before the Court is a Motion to Dismiss by Defendants Davis, Fields, and Polk County seeking dismissal of this case on two grounds: (1) insufficiency of service of process and (2) collateral estoppel.

For the reasons explained below, Defendants' Motion to Dismiss is **GRANTED**.

**I.     SUFFICIENCY OF SERVICE OF PROCESS**

First, Defendants assert that the instant action must be dismissed because Plaintiff failed to serve Defendants within 120 days of filing the complaint and has not shown good cause for his failure to do so, as required by Federal Rule of Civil Procedure 4(m).

Plaintiff filed his complaint in this Court on September 26, 2005, and subsequently filed an amended complaint on October 6, 2005. With no evidence in the record of any attempt by Plaintiff to properly serve Defendants with either the original or amended

complaint, the Court entered an order on May 22, 2006, directing Plaintiff to show cause why his complaint should not be dismissed for failure to timely serve Defendants. Plaintiff filed a response to the Court's order on June 8, 2006. On June 12, 2006, the Court entered an order allowing Plaintiff 30 days within which to effect service on Defendants.

Defendants essentially contend that the Court's June 12, 2006, order allowing additional time for service was in error because Plaintiff did not make a showing of good cause for his failure to serve Defendants within the 120-day limit imposed by Rule 4(m). Such contention by Defendants exposes their misunderstanding of Rule 4(m).

Federal Rule of Civil Procedure 4(m) provides, in pertinent part, as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Thus, pursuant to Rule 4(m), if a plaintiff has not timely served a defendant and shows good cause for such failure, the Court must extend the time for service. If, however, no good cause for such failure is shown, Rule 4(m) permits the Court to choose, in its discretion, either to dismiss the action without prejudice as to that defendant or to direct that service be effected within a specified time. In this respect, the rule provides some flexibility to the Court.

As the Court noted in its June 12, 2006, order, previous versions of Rule 4(m) did not provide such flexibility, but instead required that the Court dismiss an action if service was not effected during the 120-day period and the plaintiff did not show good cause for the failure to timely serve. Under the previous versions of the rule, the Sixth Circuit held

-2-

Case 1:05-cv-00265   Document 12   Filed 08/11/06   Page 2 of 7   PageID #: 2

that, "[a]bsent a showing of good cause to justify a failure of timely service, [the rule] compels dismissal." *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994) (interpreting Rule 4(j), which stated that if service was not made within 120 days "and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed . . . ."); *see also Byrd v. Stone*, 84 F.3d 217, 219 (6th Cir. 1996); *Moncrief v. Stone*, 961 F.2d 595, 596 (6th Cir. 1992).

The advisory committee notes accompanying the 1993 amendments to Rule 4(m), however, state specifically that the new version of the rule – *i.e.,* the version of the rule applied by the Court today – "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision <u>even if there is no good cause shown</u>." Fed. R. Civ. P. 4(m) advisory committee notes (emphasis added); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996) ("Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period even if there is no good cause shown." (internal quotation marks and citation omitted)). Thus, the older Sixth Circuit cases interpreting the previous version of the rule no longer accurately describe the Court's options under the new version of the rule when good cause is not shown.

It is clear that the Court is empowered to extend the time for service beyond the 120-day limit in Rule 4(m) even in the absence of good cause. Defendants' assertion to the contrary is incorrect and unsupported by the text of Rule 4(m), the advisory committee notes accompanying Rule 4(m), and relevant case law.[1]

---

[1] Perhaps not surprisingly, Defendants fail to cite any case law in support of their mistaken interpretation of Rule 4(m).

-3-

The Court's June 12, 2006, order was not in error, and Plaintiff served Defendants within the time permitted by the Court in such order. Accordingly, Defendants' Motion to Dismiss shall not be granted on the basis that service of process was untimely.

## II. COLLATERAL ESTOPPEL

Second, Defendants assert that the doctrine of collateral estoppel compels dismissal of this action.

On September 26, 2005, Plaintiff filed nearly identical complaints in this Court and in the Circuit Court for Polk County, Tennessee. (*See* Court Doc. Nos. 1, 10-2.) The only difference between the two complaints is that the complaint filed in this Court contains three additional paragraphs regarding this Court's jurisdiction. (*See id.*) On October 31, 2005, Defendants filed a motion requesting dismissal of the state court complaint. (Court Doc. No. 10-3.) The Circuit Court for Polk County granted such motion and dismissed the state court case on December 9, 2005. (Court Doc. No. 10-4.) Defendants contend that the prior dismissal of Plaintiff's complaint in state court collaterally estops Plaintiff from litigating this case in federal court.

The doctrine of *res judicata*, also known as the law of prior judgments, governs Defendants' contention. Such doctrine consists of two related concepts: claim preclusion and issue preclusion. *Baker v. Gen. Motors Corp.*, 522 U.S. 222, 233 n.5 (1998); *Smith v. Dawson-Smith*, 111 Fed. App'x 360, 362 (6th Cir. 2004). In the past, claim preclusion was referred to as "res judicata," and issue preclusion was referred to as "collateral estoppel." *Baker*, 522 U.S. at 233, n.5; *Smith*, 111 Fed. App'x at 362; *United States ex rel.*

*Spectrum Control Sys., Inc. v. Staffco Constr., Inc.*, 107 Fed. App'x 453, 456 (6th Cir. 2004). The United States Supreme Court has described the two concepts as follows:

> Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.

*New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). Given the confusion that has often surrounded parties' and courts' discussion of these concepts, the Court will interpret Defendants' motion, which specifically mentions the term "collateral estoppel," as requesting dismissal based on the broader concept of *res judicata*, which encompasses both claim preclusion and issue preclusion.

The prior judgment at issue in this case is, as noted above, a state court decision. "A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land. For claim and issue preclusion (res judicata) purposes, in other words, the judgment of the rendering State gains nationwide force." *Baker*, 522 U.S. at 233.

For a prior judgment, whether issued by a state or federal court, to have preclusive effect, it must be valid, final, and on the merits. 18A Charles Alan Wright et al., *Federal Practice & Procedure* § 4427 (2d ed. 2002); *see also Knox County Educ. Ass'n v. Knox County Bd. of Educ.*, 158 F.3d 361, 376 (6th Cir. 1998). In this instance, the state court's order of dismissal was valid, final, and on the merits and, as a result, is entitled to preclusive effect. Because Plaintiff's original complaint in this Court alleges precisely the

-5-

Case 1:05-cv-00265   Document 12   Filed 08/11/06   Page 5 of 7   PageID #: 5

same causes of action as were alleged and dismissed in the state court case, the doctrine of claim preclusion prohibits the relitigation of those causes of action. Thus, the doctrine of claim preclusion compels the dismissal of Counts One through Seven in this case, which were stated in Plaintiff's original federal court complaint.

Although the counts alleged in Plaintiff's original federal court complaint duplicated those alleged in Plaintiff's state court complaint, Plaintiff submitted an amended complaint in this Court, alleging two additional causes of action that were apparently not alleged in state court. Thus, the question arises whether the doctrine of claim preclusion operates to bar the litigation of these two additional causes of action.

In addition to prohibiting the relitigation of claims already litigated in another court, claim preclusion also prohibits the litigation of claims that "should have been advanced in the earlier proceeding." *Smith*, 111 Fed. App'x at 362. In determining whether a claim should have been brought in an earlier state action, the Court looks to whether such claim arises out of the same set of facts as the claims that were previously litigated in the state action. *See Martin v. LaBelle*, 7 Fed. App'x 492, 495 (6th Cir. 2001); *see also Restatement (Second) of Judgments* § 24 (1982).

For example, in *Martin*, the plaintiff brought two claims against the defendant in federal court – unreasonable seizure in violation of the Fourth Amendment and intentional infliction of emotional distress – both of which were related to a shooting. 7 Fed. App'x at 495. Prior to bringing the federal action, the plaintiff had brought an action in state court alleging intentional infliction of emotional distress. *Id.* Such state court action was involuntarily dismissed, which operated as an adjudication on the merits. *Id.* The Sixth

-6-

Case 1:05-cv-00265   Document 12   Filed 08/11/06   Page 6 of 7   PageID #: 6

Circuit concluded not only that the intentional infliction of emotional distress claim was barred in the federal case, but also that the Fourth Amendment claim was barred since such claim arose out of the same set of facts at issue in the prior state court case. *Id.*

In this case, the two additional counts, Counts Eight and Nine, were not alleged in the state court case. Counts Eight and Nine do, however, arise from the same set of facts as Counts One through Seven, which were alleged and litigated in the state court case. Thus, Counts Eight and Nine should have been advanced in the state court case, and the litigation of such counts in this Court is barred by the doctrine of claim preclusion.

Accordingly, because the doctrine of claim preclusion bars the litigation of Plaintiff's causes of action in federal court, Defendants' Motion to Dismiss must be granted.

### III. CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss [Court Doc. No. 10] is **GRANTED**, and Plaintiff's causes of action against Defendants are **DISMISSED WITH PREJUDICE**. In accordance with Federal Rule of Civil Procedure 54(d)(1), Defendants are entitled to recover their costs of this action.

The Clerk is directed to close the file in this case.

SO ORDERED this 11th day of August, 2006.

                                              *s/ Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                              UNITED STATES DISTRICT JUDGE